# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH JAMES FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.1:10-cv-1209-LJM-DKL |
| | ) | |
| CHESTER BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Motion for Summary Judgment

Keith Flynn, a former inmate of the New Castle Correctional Facility ("New Caslte"), brings this action pursuant to 42 U.S.C. § 1983. Flynn alleges that correctional officer Chester Baker violated his rights under the Eighth Amendment by failing to protect him from attack by a fellow inmate while Mr. Flynn and the other inmate were being transported from Wishard Memorial Hospital to the New Castle Correctional Facility. Officer Baker moves for summary judgment arguing that Mr. Flynn's Eighth Amendment rights were not violated because Mr. Flynn suffered only *de minimis* injuries.

## Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255,

(1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to a judgment as a matter of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison,* 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citation ns omitted); *Celotex,* 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson,* 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see also Carrroll v. Merrill Lynch,* 698 F.3d 561, 2012 WL 4875456 at *3 (7th Cir. Oct.16, 2012). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson,* 477 U.S. at 252; *Insolia v. Phillip Morris Inc.,* 216 F.3d 596 (7th Cir. 2000).

### Facts

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Flynn as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Keith Flynn was incarcerated at New Castle on August 3, 2010. On that day, Mr. Flynn was involved in an altercation with another inmate, Danny Helton, when they were both traveling in a prison transport van from Wishard Hospital back to New Castle.

Officer Baker states that he followed New Castle procedure in placing Mr. Flynn and Mr. Helton in the transfer van together. The inmates were handcuffed, but the parties dispute whether Officer Baker fastened their seatbelts. Baker and two other New Castle officers all made the trip to Wishard because they knew that there would be multiple inmates in the van. Officer Baker had never witnessed or even heard of inmates getting into physical altercations during trips. Officer Baker did not know Mr. Flynn or Mr. Helton to be violent toward others. Neither inmate expressed any concern about traveling together.

Somewhere along the way, Mr. Helton assaulted Mr. Flynn twice causing him to fall and injure his right side, causing him "excruciating pain." Mr. Flynn received an injury to the right side of his ribs and a bite mark on his left wrist.

The parties dispute the sequence of events that took place after Mr. Helton first assaulted Mr. Flynn. Officer Baker asserts that he immediately yelled at the two inmates to stop and that the van's driver immediately searched for an exit from Interstate 70 and found a parking lot without any traffic or people around. According to Officer Baker, he and the other officers immediately went to the back of the van, separated the inmates into separate compartments, and continued to New Castle. Mr. Flynn, on the other hand states that Officer Baker watched Mr. Helton assault him twice, without intervening, before the van's driver stopped the van and the inmates were separated.

Once at New Castle, Officer Baker directed both inmates to the medical facility. Mr. Flynn's medical records indicate that he suffered a laceration and sore ribs. He was given a prophylactic dose of antibiotics.

**Discussion**

Officer Baker moves for summary judgment on Mr. Flynn's claim that Officer Baker failed to protect him, arguing that: (1) Mr. Flynn did not suffer a physical injury, and (2) he was not deliberately indifferent to a serious risk of harm to Mr. Flynn.

A. *Physical Injury*

Officer Baker first argues that Mr. Flynn's claim fails because he cannot show a physical injury. 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Officer Baker argues that Mr. Flynn's injuries were merely *de minimis* and he therefore cannot recover under this statute. Mr. Flynn asserts that he suffered excruciating pain in his ribs and that Mr. Helton bit him, breaking the skin.

It is true that "[a] *de minimus* physical injury does not satisfy the requirements of 42 U.S.C. § 1997e(e)." *Arnold v. Williams*, 2010 WL 2697156 (C.D. Ill. July 7, 2010) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Rahim v. Sheahan,* 2010 WL 12263493 *9 (N.D. Ill. October 18, 2001)). But no serious or significant injury is required. *See Lynch v. Flowers Foods Specialty Grp.*, 2011 WL 3876951 (E.D. Wis. Aug. 31, 2011) (citing *Hudson v. McMillan,* 503 U.S. 1, 6–8 (1992)). Here, it is undisputed that Mr. Flynn suffered sore ribs and a bite to his wrist. He describes the pain he experienced as "excruciating." He received medical treatment, including a prophylactic dose of antibiotics. Viewing the evidence in the light most favorable to Mr. Flynn, the record contains evidence of a more than *de minimis* physical injury. *See id.* (injury more than *de minimis* where the plaintiff asserts that he was bleeding from the mouth and tongue and experiences ongoing numbness and loss of taste in his tongue, as well as headaches).

Furthermore, section 1997e(e) does not foreclose an action for nominal or punitive damages for an Eighth Amendment violation involving no physical injury. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Mr. Flynn's claim may also proceed on this basis.

B. *Deliberate Indifference*

Officer Baker further argues that Mr. Flynn's claim fails because he was not deliberately indifferent to the risk to Mr. Flynn. For a prison official to be held liable under the Eighth Amendment for failing to protect inmates from excessive risk to their safety, the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must draw the inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An official's failure to alleviate a significant risk that he should have perceived but did not is not a basis for liability under the Eighth Amendment. *Id.* at 838. The test is whether the employee knew the inmate faced a serious danger to his safety and could have easily averted the danger, yet failed to do so. *Case v. Ahitow,* 301 F.3d 605, 607 (7th Cir. 2002).

Here, there is a dispute of fact regarding whether Officer Baker knew of a risk of harm to Mr. Flynn and failed to avert it. While Officer Baker states that both inmates were seat belted in the transport van and that he had no reason to know that Mr. Helton was going to assault Mr. Flynn, Mr. Flynn asserts that they were not seat belted and that Officer Baker watched Mr. Helton attack him, but initially did nothing to stop it. Further, Mr. Flynn alleges that Mr. Helton attacked him not once, but twice. Construing this evidence in the light most favorable to Mr. Flynn, there is a question of fact regarding (1) whether Officer Baker observed Mr. Helton's initial attack on Mr. Flynn and improperly failed to intervene and (2) whether, having observed the initial assault, Officer Baker unconstitutionally failed to protect Mr. Flynn by failing to separate the two inmates before Mr. Helton attacked Mr. Flynn a second time. Because there is an issue of fact regarding whether Officer Baker was deliberately indifferent to a serious risk to Mr. Flynn, his motion for summary judgment must be denied.

**Conclusion**

For the purposes of this motion, the evidence has been viewed in the light most favorable to Mr. Flynn, the non-movant. A reasonable jury who accepts Mr. Flynn's version of the facts could conclude that Officer Baker exhibited deliberate indifference to a serious risk to Mr. Flynn by failing to intervene when he was assaulted and/or failing to separate Mr. Helton and Mr. Flynn after the first time Mr. Helton assaulted Mr. Flynn. Accordingly, Officer Baker's motion for summary judgment [dkt. no. 51] and his supplemental motion [dkt. no. 75] are each **denied**.

**IT IS SO ORDERED.**

Date: _09/12/2013_____

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Keith James Flynn
3100 S. Walnut Street Pike, Apt. B-169
Bloomington, IN 47401

All Electronically Registered Counsel